784

J. O. Hughes, of Fort Worth, for appellant.

McGown, McGown, Godfrey & Logan, John M. Scott Jr., and Hubert L. Watson, all of Fort Worth, for appellee.

## COX v. MORRIS PLAN BANK OF FORT WORTH.

### No. 13942.

Court of Civil Appeals of Texas. Fort Worth.

July 14, 1939.

Rehearing Denied Oct. 6, 1939.

BROWN, Justice.

Appellee Bank sued appellant upon a promissory note executed by him, payable to the order of said Bank, and to foreclose a chattel mortgage lien, given by appellant, on a certain automobile.

Appellant answered, under oath, that he received no consideration for the execution of the note and mortgage; that the automobile described in the mortgage was never delivered to him and that no title to same was vested in him; and that the claim of plaintiff is usurious.

The cause was tried to a jury, and appellant admitted executing the note and mortgage sued upon, and testified that he purchased the car for his son, Maurice, who was a minor at the time of the sale; and it was shown that the car was delivered to the son, together with a bill of sale from the seller, and that proper transfer was made in the office of the Tax Collector of Tarrant County.

At the conclusion of the presentation of all evidence, the trial court gave the jury a peremptory instruction to find for the plaintiff Bank, and judgment was entered accordingly.

An original and amended motions for a new trial were presented, overruled, and the defendant has appealed.

It appears that the Bank sequestrated the car and defendant having failed to replevy same, the Bank exercised its right of replevin.

■ Three propositions are presented. The first asserts that where appellee's witness testified on the trial that the Bank had never disposed of the car, and on motion for a new trial newly discovered evidence disclosed that the Bank had,

prior to the trial, disposed of the car to one Orland White for $490, appellant was entitled to a new trial on the grounds of fraud and deceit. This is said to be germane to appellant's first assignment of error.

The first assignment of error states: "It is reversible error for the trial court to overrule appellant's motion for a new trial when the evidence conclusively shows that appellee's witness made false and fraudulent representations of material facts on the trial of said cause."

Giving the most liberal construction to the assignment of error, we may say that it is carved out of the third paragraph of the motion for a new trial.

The contention made is that the car having been sold by the Bank, pending trial, appellant is entitled to be credited with the money received on the sale. The answer to that is that no sale was ever consummated, and the proper procedure was to establish the debt and foreclose the lien on the car, as was done.

■ The second proposition asserts, in substance, that the Bank made an absolute sale of the car to said White. This proposition is said to be germane to the second assignment of error, which reads: "On motion for new trial, the court erred in holding the evidence insufficient to show a valid sale of the automobile by appellee to Orland White under the provisions of its sale contract."

This is intended for a "re-constructed" assignment of error, and we will treat it as such.

The answer to the proposition is that the facts did not disclose any such sale. The car was in the possession of the Bank when the case was tried.

■ The third proposition asserts that after the suit for debt and foreclosure had been brought by the Bank, it had elected its remedy to pursue that of a sale under the powers delegated by the mortgage, and that a foreclosure suit was not available to it, after the sale was made.

This is said to be germane to the third assignment of error, which is, in substance, that the trial court erred in holding that the evidence was insufficient to show an election by appellee to sell at private sale and to apply the proceeds of the sale to appellant's note.

This is likewise a "reconstructed" assignment of error.

The evidence did not show any such sale, as we have heretofore said, and there is no merit in the proposition.

Finding no error, the judgment of the trial court is affirmed.